IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1274 |
| INNOVATIVE TRUCK & TRAILER, INC., *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case alleges a breach of warranty against patent infringement. A related patent-infringement lawsuit—*Keith Manufacturing Co. v. Cargo Floor B.V., et al.*, Case No.: 5:15-cv-9—is pending in the Eastern District of Texas. The *Keith* case is set for trial on October 2, 2017. In the present case, Wells Fargo Equipment Finance alleges that Innovative Truck and Trailer and Performance Trailer breached the warranty against infringement under § 213(c) of the Texas Business and Commerce Code by selling trailers to Wells Fargo's predecessor-in-interest, despite knowing about the *Keith* lawsuit and that the trailers and their floor-shuttle systems potentially infringed on a patent. Innovative Truck and Performance Trailer move to stay the present case pending a final judgment in *Keith*, arguing that if the *Keith* court finds no infringement, the defendants here could not have breached the warranty against infringement. (Docket Entry No. 13). Wells Fargo disagrees, arguing that Innovative Truck and Performance Trailer have breached the warranty against infringement even if the *Keith* court finds no infringement, because the warranty

promises no nonfrivolous infringement claim. (Docket Entry No. 15). Instead of a stay, Wells Fargo requests limited discovery until the *Keith* case is resolved. The court held a hearing at which counsel discussed the relationship between this case and *Keith*.

A district court has inherent power to stay cases to control its docket and promote efficient use of judicial resources. *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *Ventura v. David's Bridal*, 248 F.3d 1139, 1139 n.2 (5th Cir. 2001). In determining whether a stay is appropriate pending the resolution of another case, a district court considers (1) potential prejudice to plaintiffs from a brief stay, (2) hardship to defendants if the stay is denied, and (3) judicial-efficiency impacts, in terms of simplifying or complicating issues, proof, or questions of law. *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

The court agrees with Wells Fargo that a stay is unnecessary. Although the *Keith* case will affect the arguments, evidence, and damages in this case, the parties have already agreed to limit discovery until judgment or other resolution of that case. (Docket Entry No. 10 at p. 3). Staying this case until *Keith* is resolved would prejudice Wells Fargo by preventing any discovery on its claims. Denying the stay will impose little hardship on Innovative Truck and Performance Trailer because their discovery objections will be limited until *Keith* is resolved. Finally, denying the stay promotes judicial efficiency because the parties will be able to continue discovery into the issues not resolved by *Keith*.

The motion to stay the proceedings pending the outcome in *Keith* is denied. (Docket Entry No. 13). Until *Keith* is resolved or this court orders otherwise, discovery is limited to initial

disclosures and the exchange of documents relating to the contracts covering the trailers at issue in this case, and to obtaining the discovery produced in *Keith* relevant to this case.

SIGNED on September 7, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge